**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 30 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

RICHARD L. TAYLOR,
an individual,

      Plaintiff-Appellant-
      Cross-Appellee,

v.

RAYMOND E. HAM, individually
and in his official capacity as Chief
of Police of the Ponca City Police
Department,

      Defendant-Appellee-
      Cross-Appellant,

CITY OF PONCA CITY, Oklahoma,
ex rel. Ponca City Police Department,

      Defendant-Appellee,

and

EVERETTE VAN HOESEN,
individually, and in his official
capacity as Assistant Police Chief;
BOB STIEBER, individually and in
his official capacity as President of
Fraternal Order of Police, Lodge
No. 103; DON RAY, individually
and in his official capacity as Vice-
President of Fraternal Order of Police,
Lodge No. 103 and Grievance
Chairperson; FRATERNAL ORDER

No. 96-6245 & 96-6258
(D.C. No. 95-CIV-1650-M/L)
(W.D. Okla.)

OF POLICE, Lodge No. 103, an
unincorporated association of Ponca
City Police Officers; GARY MARTIN,

Defendants.

ORDER AND JUDGMENT[*]

Before PORFILIO and LUCERO, Circuit Judges, and MARTEN,[**] District Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.

Plaintiff Richard Taylor was discharged from his position as an officer with the Ponca City, Oklahoma, police department after being involved in a one-car accident in which he was the driver and the passenger was killed. In appeal No. 96-6245, plaintiff appeals the district court's entry of summary judgment in favor

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     The Honorable J. Thomas Marten, District Judge, United States District Court for the District of Kansas, sitting by designation.

-2-

of Chief Raymond Ham and the City of Ponca City on his claims that he was deprived of both property and liberty interests without due process in connection with his discharge. Plaintiff also appeals the district court's denial of his motion under Fed. R. Civ. P. 56(f) for an extension of time to take further discovery before responding to defendants' summary judgment motion.

In appeal No. 96-6258, Chief Ham cross-appeals the district court's May 22, 1996 ruling that he submit to a deposition. Chief Ham objects to the district court having ordered him to submit to discovery before ruling on his qualified immunity defense. In its final order of June 10, 1996, the district court determined that Chief Ham was qualifiedly immune, and entered judgment against plaintiff on all claims. Although the district court's final order obviated the need for Chief Ham to submit to a deposition, he filed the present protective cross-appeal in the event we reverse the district court's ruling on the merits of plaintiff's claims. Chief Ham acknowledges that his cross-appeal will be moot if we affirm the district court's final order of June 10, 1996.

Appeal No. 96-6245

We review the district court's ruling on plaintiff's Rule 56(f) motion under an abuse of discretion standard. See International Surplus Lines Ins. Co. v. Wyoming Coal Ref. Sys. Inc., 52 F.3d 901, 904 (10th Cir. 1995). "When a party files an affidavit under Rule 56(f) for additional discovery time, . . . [t]he trial

court may deny the affiant's request for additional time, deny the motion for summary judgment, order a continuance for additional discovery or make such other order as is just." Jensen v. Redevelopment Agency of Sandy City, 998 F.2d 1550, 1553-54 (10th Cir. 1993) (citations and quotation omitted).

A party seeking time to conduct additional discovery under Rule 56(f) must provide an affidavit identifying what facts are not available and what steps the party has taken to obtain those facts. See Committee for the First Amend. v. Campbell, 962 F.2d 1517, 1522 (10th Cir. 1992). "Rule 56(f) may not be invoked by the mere assertion that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable . . . ." Pasternak v. Lear Petroleum Exploration, Inc., 790 F.2d 828, 833 (10th Cir. 1986). "Furthermore, if the party filing the Rule 56(f) affidavit has been dilatory, or the information sought is irrelevant to the summary judgment motion or merely cumulative, no extension will be granted." Jensen, 998 F.2d at 1554.

Here, plaintiff did not file an affidavit as such. Rather, his counsel filed a motion and brief, to which he attached his affidavit stating that all factual averments contained in the motion and brief were true to the best of his knowledge. Even if construed as the required affidavit, these documents did not meet the requirements of Rule 56(f). They neither set forth the specific facts plaintiff needed to discover, nor explained how such facts would have been useful

to oppose defendants' motion.  See Jensen, 998 F.2d at 1554-55.  Further, the record reflects that plaintiff was dilatory in pursuing discovery before filing the Rule 56(f) motion.  Under the circumstances, the district court did not abuse its discretion in denying plaintiff's Rule 56(f) motion.

We turn then, to the district court's grant of summary judgment to Chief Ham and the City of Ponca City on plaintiff's due process claims.  We review the grant of summary judgment de novo, applying the same standards as the district court under Rule 56(c).  See Wolf v. Prudential Ins. Co. of Am., 50 F.3d 793, 796 (10th Cir. 1995).

Plaintiff contended that the City and Chief Ham deprived him of his property interest in employment without due process.  Primarily, plaintiff attacked the pretermination process he was given, in part because it did not completely conform to the process outlined in the collective bargaining agreement between the City and the police union.  Plaintiff also attacked the post-termination process he was given, alleging that the City had refused to cooperate in the de novo arbitration hearing provided for by the collective bargaining agreement.  The district court acknowledged that plaintiff had a property interest in his employment, but concluded that he received all the process he was due under federal law.  See, e.g., Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532,

545-57 (1985) (discussing the pre- and post-termination process due a tenured public employee under federal law).

Plaintiff also contended that defendants deprived him of his liberty interest by making public statements suggesting that he was guilty of the criminal offenses with which he had been charged, without giving him an appropriate name-clearing hearing. The district court concluded that plaintiff failed to establish that defendants infringed his liberty interests. Specifically, the district court determined that plaintiff failed to establish through admissible evidence either that defendants published information about plaintiff that was false and stigmatizing or that the alleged publication of such information foreclosed future employment opportunities. See, e.g., Watson v. University of Utah Med. Ctr., 75 F.3d 569, 579 (10th Cir. 1996) (setting forth elements of claim for liberty deprivation).

The district court further ruled that Chief Ham was qualifiedly immune from plaintiff's claims, because plaintiff failed to establish that Chief Ham's actions violated any constitutional right. See, e.g., Pueblo Neighborhood Health Ctrs., Inc. v. Losavio, 847 F.2d 642, 646 (10th Cir. 1988) (holding that, to overcome a qualified immunity defense, a plaintiff must "show both that the defendant's alleged conduct violated the law and that the law was clearly established when the alleged violation occurred"). Similarly, the court ruled that

plaintiff failed to establish any liability on the part of the City, because he failed to show the deprivation of any constitutional right, much less a causal link between a constitutional deprivation and any custom or policy of the City. See, e.g., Jenkins v. Woods, 81 F.3d 988, 993 (10th Cir. 1996) ("To establish municipal liability, a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation [of a federally protected right] alleged.")

Based upon our review of the record, the parties' briefs, and the controlling law, we conclude that the district court properly granted summary judgment to defendants City of Ponca City and Chief Raymond Ham on plaintiff's claims for deprivation of property and liberty interests without due process. We, therefore, AFFIRM the judgment of the United States District Court for the Western District of Oklahoma for substantially the reasons set forth in its Order of June 10, 1996. Our affirmance of the district court's final order moots Chief Ham's protective cross-appeal in No. 96-6258, which is DISMISSED.

Entered for the Court

John C. Porfilio
Circuit Judge